## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

```
-----------------------------------------------------------------X
BRIAN LABRECK,
                                                        :
          Plaintiff,
                                                        :       CIVIL ACTION NO:
    -vs-
                                                        :
NATIONAL RAILROAD PASSENGER CORP.
(AMTRAK)                                                 :

          Defendant.                                    :

-----------------------------------------------------------------X
```

## COMPLAINT

### COUNT I
### FELA

1.  The Plaintiff is a resident of Standish, Maine and brings this action against the defendant, National Railroad Passenger Corporation, a railroad corporation duly established by law, pursuant to the provisions of 45 U.S.C.A., Section 301, et seq., and having its principal office at 400 North Capital Street, N.W., Washington, D.C., and having a usual place of business in Portland Maine for injuries suffered by him while in the employ of the defendant. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

2.  During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Portland, Maine and Boston, Massachusetts; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3.  On or about, June 14, 2022 the plaintiff was employed as a conductor by the defendant and was engaged in his duties for Amtrak, in Portland, Maine which yard, tracks, rails, engines,

trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the negligence of the defendant, its agents, servants or employees, the plaintiff was injured.

4.   On or about June 14, 2022, the plaintiff was the conductor on Amtrak train 687, in Portland, Maine. At approximately 8:05 p.m., the plaintiff was required to walk through the Amtrak engine compartment of Amtrak Locomotive 100, as it moved along the track. The motion of the train caused him to catch his shirt on a door handle, fall, and strike his head. As he lay on the engine floor, a coworker opened the engine room door striking him in the head again. As a result of the incident, he sustained multiple serious injuries to his head, hip, back, neck, knee and shoulder.

5.   Said injuries were caused by the negligence of Amtrak, its agent servants and / or employees, in that they:

    A.   failed to provide plaintiff with a safe place to work;

    B.   failed to provide the plaintiff with hand holds or railings inside the engine;

    C.   failed to provide a walkway in the engine free of obstructions;

    D.   failed to carefully open the engine room door;

    E.   violated Amtrak safety rules and procedures;

    F.   failed to properly inspect the locomotive door latches and door handles;

    G.   required plaintiff to walk through an engine compartment while it was moving;

    H.   They were otherwise reckless or negligent

6.   As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a conductor as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and

prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

## COUNT II

## LOCOMOTIVE INSPECTION ACT

1.  The plaintiff is a resident of Standish, Maine and brings this action against the defendant, National Railroad Passenger Corporation, a railroad corporation duly established by law, pursuant to the provisions of 45 U.S.C.A., Section 301, et seq., and having its principal office at 400 North Capital Street, N.W., Washington, D.C., and having a usual place of business in Portland Maine for injuries suffered by him while in the employ of the defendant.  This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq. and the Locomotive Inspection Act, 49 U.S.C. 20701, et seq.

2.  During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Portland, Maine and Boston, Massachusetts; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act and the Locomotive Inspection Act.

3.  On or about June 14, 2022, , the plaintiff was employed as a conductor by the defendant and was engaged in his duties onboard Amtrak Locomotive 100, in use on a main line near Portland, Maine, which tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the of defective door latches, door handles, and lack of hand holds of said locomotive and/or the violation of the Locomotive Inspection Act by the defendant, its agents, servants or employees, the plaintiff was injured.

4.  Said injuries were caused by the failure of Amtrak, its agent, servants, and /or employees to

provide plaintiff with a locomotive, door handles, latches, and lack of hand holds that were in proper working condition and were safe to operate without unnecessary danger to the plaintiff in violation of the Locomotive Inspection Act.

5. As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will  so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a conductor as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be

WHEREFORE, the plaintiff demands judgment against the defendant in an amount of One Million Dollars, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## PLAINTIFF RESERVES THE RIGHT TO A JURY TRIAL

Brian LaBreck
By his attorney,

DATE: May 29, 2025

/s/ William J. Gallitto, III
William J. Gallitto, III, BBO # 004969
BERGEN & PARKINSON, LLC
144 Main Street
Saco, ME 04072
207-283-1000
wgallitto@bergenparkinson.com

 /s/  *Robert T. Naumes, Sr.*
Robert T. Naumes, Esq.
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
Fed Bar No.: 09545
Robert@Naumeslaw.com
Attorneys for Plaintiff
*PRO HAC VICE MOTION TO BE FILED*


/s/*Christopher C. Naumes*
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
 BBO # : 671701
christopher@naumeslaw.com
Attorney for Plaintiff
*PRO HAC VICE MOTION TO BE FILED*